IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen P. Casillo,                            ) | C/A No. 0:15-2534-DCN-PJG |
|              Petitioner,       ) | |
| vs.                                                    ) | **ORDER** |
| Warden McCormick Correctional Institution, ) | |
|              Respondent.      ) | |

Petitioner Stephen P. Casillo, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The respondent has filed a motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Casillo was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Casillo filed a response in opposition to the respondent's motion. (ECF No. 21.) Additionally, Casillo filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. (ECF No. 22.) Having carefully considered the parties' submissions and the record in this case, the court concludes that further briefing is required on the respondent's motion for summary judgment, specifically, whether Ground Two of Casillo's Petition is procedurally barred from federal habeas review. See Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991).

> Casillo raises the following issue in Ground Two of his Petition:
>
> **Ground Two:** Involuntary Guilty Plea
>
> **Supporting Facts:** Applicant was forced to sign self-incriminating statements. If not for these statements, applicant would not have accepted guilty plea, and would have gone to trial. . . . Judge R. Lawton Mcintosh stated applicant was never given a Jackson/Denno hearing to determine whether or not the statements were voluntary to be admitted for the Jury's consideration. And that there is evidence of police coercion. Applicant alleges he was forced to sign self-incriminating statements after being arrested, based on officers denying him an attorney when he clearly asked for one. That is why applicant refused to initial lines 3, 4, and 5, of the Advisory of Rights Form. (Dated 3/6/2006) Applicant was arrested at 4:30 PM. It wasn't until 6:11 PM, officers coerced applicant to sign Advisory of Rights Form, saying it would only reflect what was initialed. Officers with-held medical treatment for 7 hours untill applicant signed statements that the officers coerced, and wrote. Applicants arm was badly ripped up by K-9. . . . Applicant was denied prescribed pain and anxiety medication by officers for 3 days, untill he signed self-incriminating statements. Knowing he had been taking these for years, and would suffer with-drawals. Which resulted in applicant having a siezure, and having to go to Hospital Emergency Room. Officers threatened to arrest applicants wife if he insisted on an attorney, or did not sign statements.

(Pet., ECF No. 1) (errors in original; citations omitted).

The court notes that this claim appears to be a distinct claim from that raised to and ruled upon in Casillo's state post-conviction relief ("PCR") action. Casillo's claim here appears to be that his guilty plea was entered into involuntarily because of the purportedly coerced statements he made to police. The PCR court did not address this issue in its order of dismissal. Rather, the PCR court ruled on Casillo's claim that his guilty plea was entered involuntarily because of *plea counsel's* coercion and promise of a ten year sentence, and Casillo's alleged intoxication. Moreover, while

Casillo arguably raised the instant claim in his Anders[1] brief to the South Carolina Court of Appeals on direct appeal, the claim was not raised to the plea court, and therefore, does not appear to have been preserved for Anders review.  See State v. McKinney, 292 S.E.2d 598, 599 (S.C. 1982) (holding that a defendant's failure to object to the involuntary or unknowing nature of his guilty plea at the proceeding precludes consideration of the issue on direct appeal); see also McHam v. States, 746 S.E.2d 41, 50 (S.C. 2013) ("An appellate court conducting an Anders review searches only for *preserved* issues of arguable merit.") (emphasis added).

Based on the foregoing, it is hereby

**ORDERED** that the parties shall have until **July 5, 2016** to file a memorandum of law addressing the issue of procedural bar as to Ground Two.  It is further

**ORDERED** that the parties shall have until **July 12, 2016** to file a response, if either party so desires.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 24, 2016
Columbia, South Carolina

---

[1] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.